HAGOP T. BEDOYAN, SBN 131285
CHRISTIAN D. JINKERSON, SBN 232143
KLEIN, DENATALE, GOLDNER,
    COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, CA 93704
Telephone: (559) 438-4374
Facsimile:  (559) 432-1847
Email:  hbedoyan@kleinlaw.com; ijinkerson@kleinlaw.com

Attorneys for Debtors, BOGHOS KRIKORIAN and HELEN KRIKORIAN

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| In re: | Case No. 13-13924-A-7 |
|---|---|
| BOGHOS KRIKORIAN and HELEN KRIKORIAN, | Chapter 7 |
| | DC No.  LDM-1 |
| Debtors, | Date:     October 2, 2013<br>Time      9:00 AM<br>Place:    United States Bankruptcy Court<br>              2500 Tulare Street<br>              Fifth Floor, Courtroom 11<br>              Fresno, CA  93721<br>Judge:    Honorable Fredrick E. Clement |

## RESPONSE TO OBJECTION TO CLAIMS OF EXEMPTION

BOGHOS KRIKORIAN and HELEN KRIKORIAN (the "Debtors") respectfully submit the following response to the objection to claims of exemptions filed by Betty Egan ("Egan").

1.  On June 3, 2013, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  The Debtors filed their bankruptcy petition pro se.

2.  The Chapter 7 Trustee held the meeting of creditors on July 12, 2013.  At the meeting of creditors, the Chapter 7 Trustee asked the Debtors about their assets.  To better determine Debtors' assets, the meeting of creditors was continued to August 6, 2013, for the Debtors to provide current life insurance policy statements and Kelley Blue Book values on their vehicles.  The Chapter 7 Trustee held the continued meeting of creditors on August 6, 2013.  The

1                                                                                            RESPONSE TO OBJECTION

1  Chapter 7 Trustee determined that their assets did not have any value for the estate and that their automobiles were worth less than the amounts stated in the schedules. The Chapter 7 Trustee concluded the meeting of creditors on August 6, 2013.

3. On August 12, 2013, the Chapter 7 Trustee filed her Report of No Distribution. The Report states, "I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate . . . there is no property available for distribution from the estate over and above that exempted by law."

4. No timely objection was filed to the Trustee's Report of No Distribution.

5. Egan filed her objection to claims of exemption on August 9, 2013 (the "Objection"). The Debtors attempted to determine the correct amount of the exemptions to which they are entitled by their own research, but the exemptions for their life insurance polies and motor vehicles were not accurate. Specifically, the Debtors stated that the exemption under California Code of Civil Procedure § 704.010(a)(1) for their motor vehicles is $5,000, and the exemption for their life insurance policies is $25,000 under California Code of Civil Procedure § 704.010(a)(1).

6. The Objection contends that the applicable exemption for the debtors' life insurance policies is $19,400, and the applicable exemption for the Debtors automobiles is $2,300. These amounts are not correct.

7. The correct exemption amount for the Debtors' life insurance policies is $24,400 under the California Code of Civil Procedure § 704.010(a)(1)(as amended April 1, 2013), the correct amount of the exemption for motor vehicles is $2,900 under California Code of Civil Procedure § 704.010(a)(1)(as amended April 1, 2013).

8. Thus, based on the correct exemption amounts, the Debtors' overstated the amount of the exemption in their life insurance policies by $600, and $2,100 for the motor vehicles. However, as stated above, the Trustee inquired about the values of the life insurance policies and the motor vehicles at the meeting of creditors and determined that the Debtors' life insurance policies and motor vehicle possess no value to the estate.

///

9. Therefore, the objection should be overruled in so far as it requests that the exemption amounts be adjudged to be $19,400 and $2,300 respectively. Furthermore, the Court should take judicial notice of the fact that the Trustee has determined that the life insurance policies and motor vehicles possess no value to the estate.

Dated: September 18, 2013

KLEIN, DeNATALE, GOLDNER, COOPER,
ROSENLIEB & KIMBALL, LLP

By: _____
HAGOP T. BEDOYAN, ESQ.
CHRISTIAN D. JINKERSON, ESQ.,
Attorneys for Debtors