## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Boghos Krikorian and Helen Krikorian | **Case No :** | 13−13924 − A − 7 |
| | | **Date :** | 11/6/13 |
| | | **Time :** | 09:00 |
| **Matter :** | [43] − Motion/Application to Avoid Lien of Betty Egan [KDG−1] Filed by Debtor Boghos Krikorian, Joint Debtor Helen Krikorian (morf) | | |
| **Judge :** | Fredrick E. Clement | | |
| **Courtroom Deputy :** | Rosalia Estrada | | |
| **Reporter :** | Wood and Randall | | |
| **Department :** | A | | |

**APPEARANCES for :**
**Movant(s) :**
　　　Debtor(s) Attorney − Christian Jinkerson
**Respondent(s) :**
(by phone)　Creditor's Attorney − Lawrence D. Miller

HEARING CONTINUED TO: 12/3/13 at 09:00 AM Request of Parties

The hearing was continued for the following reason(s):
for further briefing − Mr. Miller to file a brief in opposition by 11/14/13; Mr. Jinkerson to file reply brief by 11/26/13. At Mr. Miller's request, the objection to debtor's claim of exemptions docket control no. LDM−1, is continued to 12/3/13 at 9:00 a.m. Court will issue a civil minute order.

Tentative Ruling

Motion: Avoid Lien that Impairs Exemption
Notice: LBR 9014−1(f)(2); no written opposition required
Disposition: Granted to the extent specified in this ruling
Order: Prepared by moving party; approved by Mr. Miller

Unopposed motions are subject to the rules of default. Fed. R. Civ. P. 55, incorporated by Fed. R. Bankr. P. 7055, 9014(c). The default of the responding party is entered. The court considers the record, accepting well−pleaded facts as true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 18 (9th Cir. 1987).

LEGAL STANDARDS

Section 522(f) of the Bankruptcy Code authorizes the court to avoid a lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1). There are four elements to avoidance of a lien that impairs an exemption: (1) there must be an exemption to which the debtor would have been entitled; (2) the property must be listed on the schedules and claimed as exempt; (3) the lien must impair the exemption claimed; and (4) the lien must be a judicial lien or nonpossessory, nonpurchase−money security interest in property described in § 522(f)(1)(B). Goswami v. MTC Distrib. (In re Goswami), 304 B.R. 386, 390 91 (B.A.P. 9th Cir. 2003). Impairment is statutorily defined: a lien impairs an exemption "to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A).

REAL PROPERTY

The motion seeks to avoid the responding party's lien on 9648 N. 10th Street, Fresno, California. The debtors assert that the property's fair market value is $150,000.00.

The motion states that the exemption in the property is "up to $150,000." Schedule C attached as an exhibit indicates the exemption claimed is $30,126.00. The court will use the figure from the debtors' most recently amended Schedule C. Based on these figures, the responding party's judicial lien, all other liens, and the exemption amount together exceed the property's value by an amount greater than or equal to the debt secured by the responding party's lien. As a result, the responding party's judicial lien will be avoided entirely.

PERSONAL PROPERTY

Duration of the Lien

The motion alleges that an order to appear for examination was issued as to joint debtor Boghos Krikorian. Under section 708.110(a) of the California Code of Civil Procedure, a judgment creditor may apply for an order "requiring the judgment debtor to appear before the court . . . to furnish information to aid in enforcement of the money judgment."

The motion also alleges that the order to appear for examination was served on the debtor more than 1 year ago. "Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court." Cal. Civ. Proc. Code § 708.110(d).

The duration of the lien under section 708.110(d) begins from the date of the order (not from service of the order). The 1–year duration of the lien may be extended (or terminated) by the court under section 708.110(d).

Here, the order was issued more than 1 year ago on July 26, 2013. Outside of bankruptcy, the lien would have expired on July 26, 2013, one year after the order was issued. But the debtors filed bankruptcy on June 3, 2013. Because the debtors could not extend the lien after the case was filed to prevent the lien from expiring, the duration of the lien under § 108(c) did not expire and was extended until 30 days after expiration of the automatic stay. See 11 U.S.C. § 108(c); see also Spirtos v. Moreno (In re Spirtos), 221 F.3d 1079, 1080 82 (9th Cir. 2000) (holding that § 108(c) was applicable to the statutory renewal period during which a 10–year judgment lien against debtor could be renewed and that such period did not expire until 30 days after the expiration of the automatic stay).

The stay continues as to property of the estate until the property is no longer property of the estate. 11 U.S.C. § 362(c)(1). No evidence has been offered that the property has been abandoned, so the stay of an act against property of the estate in this case, assuming the property is scheduled, will continue until the case is closed. See 11 U.S.C. § 554. Accordingly, the responding party's lien exists at this time and for 30 days after case closure. Because the lien still exists, the court may rule on the motion to avoid the lien.

Avoidance of the Lien

The debtors have made a prima facie case for partial avoidance of the lien against the personal property. The lien will only be avoided to the extent of the exemption claimed in each item of personal property. The lien is not avoided at all against the debtors' insurance policy with American General in the amount of $5,000.00 as no exemption has been claimed against such property.